M. Erik Clark, Esq. #188693
**Borowitz & Clark, L.L.P.**
100 N. Barranca Avenue, Suite 250
West Covina, CA 91791
Tel: (626) 646-2555
Fax: (626) 332-8644

Attorney for Debtors
Alfredo and Kathy Rodriguez

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>ALFREDO RODRIGUEZ<br><br>AND<br><br>KATHY RODRIGUEZ,<br><br>Debtor/Movant | Case No. 6:10-bk-22296-DS<br><br>Chapter 13<br><br>MOTION TO DETERMINE SECURED VALUE OF REAL PROPERTY; TO STAY POST PETITION PAYMENTS TO U.S. BANK AS TO THE SECOND DEED OF TRUST; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ALFREDO RODRIGUEZ AND KATHY RODRIGUEZ IN SUPPORT THEREOF<br><br>Pursuant to §§1322(b)(2) and 506(a)<br><br>Date: June 1, 2010<br>Time: 1:30 p.m.<br>Place: 3420 12th Street, Courtroom 302<br>Riverside, CA, 92501 |

TO THE HONORABLE DEBORAH SALTZMAN, UNITED STATES BANKRUPTCY JUDGE, ROD DANIELSON, CHAPTER 13 TRUSTEE, U.S. BANK AND ALL OTHER PARTIES IN INTEREST:

NOTICE IS HEREBY GIVEN that Alfredo Rodriguez and Kathy Rodriguez ("Debtors") hereby move this Court for a determination of the secured value of Debtors' real property located at 17968 Dorsey Way, Fontana, California 92335 pursuant to 11 U.S.C. §§506(a) and 1325(a)(5)(B) and *In re Lam (Lam vs. Investors Thrift)*, 211 B.R. 36 (9th Cir. BAP 1997); to stay post petition payments; to

-i-

1  treat the claim of U.S. Bank, as to the second Deed of Trust, as wholly unsecured for purposes of plan
2  confirmation; to declare that the lien recorded in favor of U.S. Bank, as to the second Deed of Trust, is
3  100% undersecured and therefore U.S. Bank's claim, as to the second Deed of Trust, is not entitled to
4  treatment under Debtors' proposed Chapter 13 plan as a secured claim; and on further grounds set forth
5  in the Memorandum of Points and Authorities and Declaration of Support, filed concurrently herewith,
6  and on such further grounds as may be presented in oral arguments before this Court or upon Reply to
7  any opposition filed in response to this Motion.
8      This motion is based upon the following:
9      Debtors filed for relief under Chapter 13 of the United States Bankruptcy Code on April 24,
10 2010. Their Chapter 13 Plan ("Plan") proposes monthly payments of $430.00 for thirty-six months and
11 2% to their general unsecured creditors. Debtors' Property, based upon an appraisal as of April 21,
12 2010, is valued at $121,000.00. Debtors' petition lists two (2) deeds of trust on the property. The first
13 Deed of Trust, held by U.S. Bank, is for $165,574.00. The second Deed of Trust, also held by U.S.
14 Bank, is for $44,418.00. The amount on the first Deed of Trust exceeds the value of Debtors' Property
15 and leaves U.S. Bank's claim, as to the second Deed of Trust, wholly unsecured.
16     Debtors respectfully request this Court consider U.S. Bank's claim, as to the second Deed of
17 Trust, as unsecured for purposes of the instant case and to stay post petition payments to U.S. Bank, as
18 to the second Deed of Trust, and for other such relief as is requested in the instant Motion.

Dated: 5-7-10

Respectfully Submitted,
**Borowitz & Clark, L.L.P.**

_____
M. Erik Clark
Attorney for Debtors

**MEMORANDUM OF POINTS AND AUTHORITIES**

**STATEMENT OF FACTS**

Alfredo Rodriguez and Kathy Rodriguez ("Debtors") filed for relief under Chapter 13 of the United States Bankruptcy Code on April 24, 2010. Debtors' Schedule A lists Debtors' principal place of residence located at 17968 Dorsey Way, Fontana, California 92335 ("Property") (see a true and correct copy of Debtors' "Schedule A" attached hereto as "Exhibit 1"). The following liens currently encumber the Property: a first Deed of Trust in favor of U.S. Bank and a second Deed of Trust also held by U.S. Bank (see a true and correct copy of Debtors' "Schedule D" attached hereto as "Exhibit 2.")

U.S. Bank holds the first Deed of Trust on the Property and the current principal balance of the encumbrance is approximately $165,574.00 (see a true and correct copy of U.S. Bank's fully executed Modification Agreement, as to the first mortgage, dated August 12, 2010, attached hereto as "Exhibit 3"). The second Deed of Trust, also held by U.S. Bank, is in the amount of approximately $44,418.00 (see a true and correct copy of U.S. Bank's statement, as to the second mortgage, for the period ending March 8, 2010, attached hereto as "Exhibit 4").

Debtors' Property, based upon a April 21, 2010 appraisal, is valued at $121,000.00 (see a true and correct copy of a declaration of Chad Harris, a licensed real estate appraiser, attached hereto as "Exhibit 5" and a true and correct copy of an appraisal report prepared by Chad Harris attached hereto as "Exhibit 6"). The encumbrance of the first Deed of Trust exceeds the fair market value of the Property leaving U.S. Bank's claim, as to the second Deed of Trust, wholly undersecured.

**DISCUSSION**

The issue before the Court is whether a second mortgagee's "secured claim" on a piece of real property may be treated as an undersecured claim when the value of the second mortgagee's claim completely exceeds the value of the real property *after* satisfaction of the first mortgagee's claims. Pursuant to Bankruptcy Code Sections 506(a)(1) and 1322(b)(2) and current case law, the wholly undersecured second Deed of Trust on Debtors' property should be considered an undersecured interest and the lien should be extinguished upon discharge.

U.S. Bank's claim, as to the second Deed of Trust, is undersecured pursuant Bankruptcy Code 11 U.S.C. Section 506(a)(1) which states:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property... and is an unsecured claim to the extent that the value of such creditor's interest...is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

The Court in In re Plouffe, 157 B.R. 198 (Bankr. D. Conn. 1993), held that for a mortgagee to claim the protection against modification granted by Section 1322(b)(2), the mortgagee must qualify as the holder of a secured claim to some extent as determined by Section 506(a). The Court rationalized that "there is neither a logical nor rational basis for a creditor holding a completely unsecured claim to be protected from claim modification in a bankruptcy case simply because the creditor had obtained a lien on the homestead pre-petition." Id. at 200.

When section 506(a)(1) is applied to claims such as mortgages, a mortgage would not be a "secured claim" to the extent that it exceeds the value of the property on which it has a security. In Zimmer v. PSB Lending Corp. (In re Zimmer), 313 F.3d 1220, 1223 (9th Cir. 2002), the Court stated that the term "secured claim" is a term of art, and a claim secured by a lien on property is not necessarily a "secured claim" and may be modified and avoided. "Under the Bankruptcy Code, 'secured claim' is thus a term of art; not every claim that is secured by a lien on property will be considered a "secured claim." (Zimmer at 1223).

Bankruptcy Code 11 U.S.C. Section 1322(b)(2) which states that a Chapter 13 plan may

> ... modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the Debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims.

The policy behind section 1322(b)(2) indicates that Congress intended to distinguish between secured and unsecured claims, rather than secured and unsecured creditors. The Debtors in the instant case seek to modify U.S. Bank's claim, as to the second Deed of Trust, by having the claim declared an unsecured claim and the lien determined to be undersecured. U.S. Bank's claim is unsecured since no security interest attaches to their second lien. U.S. Bank, as to the second Deed of Trust, would be entitled to the protection of Section 1322(b)(2) only if after satisfaction of the first mortgage it retained some security in the property. In the instant case, there is no such security because the value of Debtors' Property is $121,000.00 and the first Deed of Trust alone encumbers the Property in the

- 4 -

amount of $165,574.00. U.S. Bank's claim, as to the second Deed of Trust is completely unsecured after satisfaction of Debtors' first mortgage.

The Court in <u>In Re Hornes</u>, 160 B.R. 709 (Bankr. D. Conn. 1993), explained that the code does not generally classify creditors based on the existence of a piece of paper purporting to give a creditor rights in specified collateral, but rather on whether a creditor actually holds a claim supported by valuably estate property. <u>Id.</u> at 715. In the instant case, U.S. Bank's claim, as to the second Deed of Trust, is not secured by any collateral or valuable estate as the lien is undersecured and does not succeed at attaching the property. Therefore, the second Deed of Trust is undersecured and the claim of U.S. Bank, as to the second Deed of Trust, should be treated as unsecured for purposes of the Chapter 13 plan, thus allowing the voiding the lien upon discharge.

In <u>Nobelman vs. American Savings Bank</u>, 508 U.S. 324 (S. Ct. 1993), the Supreme Court of the United States held that section 1322(b)(2), which bars a Chapter 13 plan from modifying the rights of holders of claims secured partially by the Debtors' principal place of residence, does not apply to holders of totally unsecured claims. Protecting wholly undersecured lien holders under section 1322(b)(2) is contrary to the provisions of the Bankruptcy Code and unsecured claims may be discharged. Therefore, U.S. Bank's claim, as to the second Deed of Trust, may be treated as wholly unsecured and discharged upon completion of the plan.

In the seminal case, <u>Lam v. Investors Thrift (In re Lam)</u>, 211 B.R. 36, Bankr. (B.A.P. 9th Cir. 1997), the Debtors filed a Chapter 13 case on November 17, 1994. In their schedules they listed their place of residence, which had an undisputed fair market value of $300,000. The property was encumbered by four (4) trust deeds. The first Deed of Trust, in the amount of $164,222, was completely secured. The second Deed of Trust, in the amount of $61,924, was also completely secured. The third Deed of Trust, in the amount of $560,000.00, was partially secured and therefore not subject to modification under the code. Thrift's fourth Deed of Trust, for $17,193.00, was completely unsecured and therefore the Appellate Court ruled that Thrift's claim be discharged. Likewise, U.S. Bank's claim, as to the second Deed of Trust, is also completely undersecured and the lien should be declared void upon discharge pursuant to <u>In re Lam</u>.

## CONCLUSION

Based upon the foregoing, U.S. Bank's lien, as to the second Deed of Trust, is undersecured and should be treated as an unsecured claim. The value of the Debtors' Property is less than the amount owed to the first mortgagee. In a liquidation context, the second mortgagee would not receive any funds. Therefore, under section 506(a), U.S. Bank's claim, as to the second Deed of Trust, should be treated as an unsecured claim for purposes of plan treatment and U.S. Bank's undersecured lien on the Debtors' Property should be voided upon discharge.

WHEREFORE, based on the foregoing, the Debtors respectfully request:

1. That the Court value the real property located at 17968 Dorsey Way, Fontana, California 92335 at $121,000.00;
2. That the Court deem the lien of U.S. Bank, as to the second Deed of Trust, as an unsecured claim during the life of the Debtors' chapter 13 plan;
3. That the Court stay post petition payments to U.S. Bank, as to the second Deed of Trust;
4. That upon completion of all plan payments and entry of discharge in this case pursuant to 11 U.S.C. Section 1328, the lien held by U.S. Bank, as to the second Deed of Trust, will be void and will not constitute an encumbrance on the real property described in the motion;
5. That upon completion of the plan payments and upon entry of discharge in this case, U.S. Bank, is ordered to expeditiously reconvey the second Deed of Trust and otherwise take such steps required to clear title of said lien as to the real property described in this motion;
6. That should the case the dismissed or converted to any other chapter prior to completion of the plan and entry of a chapter 13 discharge, the lien will remain valid;
7. For any other such relief the Court deems proper.

Dated: 5-7-10

Respectfully Submitted,
Borowitz & Clark, L.L.P.

M. Erik Clark
Attorney for Debtors

## DECLARATION OF ALFREDO & KATHY RODRIGUEZ

We, Alfredo & Kathy Rodriguez, hereby declare as follows:

1. That we am the Debtor in the herein Chapter 13 bankruptcy;

2. That we have personal knowledge of the facts set forth below and if called upon to testify, we could and would competently testify thereto;

3. That we caused to be filed the instant Chapter 13 bankruptcy on April 24, 2010 (Case number: 6:10-bk-22296-DS);

4. That our "Schedule A" lists our principal place of residence located at 17968 Dorsey Way, Fontana, California 92335 ("Property") (see previously referenced "Exhibit 1");

5. That we originally purchased the Property in 2004 at the price of $180,000.00.

6. That we value the Property at $121,000 based on an appraisal report completed on April 21, 2010 by Chad Harris, a licensed real estate appraiser (see previously referenced "Exhibit 6");

7. That U.S. Bank Home Mortgage holds the First Deed of Trust on the Property and the current principal balance of the encumbrance is approximately $165,574.00 (see previously referenced "Exhibit 3");

8. That U.S. Bank Home Mortgage holds the Second Deed of Trust in the amount of approximately $44,418.00 (see previously referenced "Exhibit 4");

9. That the encumbrance by the First Deed of Trust exceeds the fair market value of the Property ($165,574);

10. That we respectfully request that post petition payments to U.S. Bank Home Mortgage be stayed;

11. That we respectfully request that upon completion of all plan payments and entry of discharge in this case, the Second Deed of Trust of U.S. Bank Home Mortgage will be void and will not constitute an encumbrance on the real property described in the motion.

1  We, Alfredo & Kathy Rodriguez declare under penalty of perjury that the foregoing is true and
2  correct and that the declaration was executed on  5/5/10  at West Covina, California.

_Kathy Rodriguez_  
Kathy Rodriguez

_Alfredo Rodriguez_  
Alfredo Rodriguez